UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NICOLE V. MORRIS,

                        Petitioner,                              Case No. 16-12026

v.                                                              HON. AVERN COHN

ANTHONY STEWART,

                        Respondent.
_____/

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  Nicole Morris, ("Petitioner"), proceeding pro se, was convicted by a jury of armed robbery, M.C.L. 750.529, and assault with a dangerous weapon.  M.C.L. § 750.82.  She was sentenced as a third-time habitual felony offender to concurrent terms of 10-to-18 years for the robbery conviction and 1-to-4 years for the assault conviction.

The petition raises two claims: (1) the trial court erred in denying Petitioner's request for substitute counsel after there was a break-down in the attorney-client relationship, and (2) Petitioner was denied the effective assistance of counsel where her attorney failed to present the testimony of a defense witness and failed to investigate Petitioner's criminal history.  For the reasons that follow, the petition will be denied for lack of merit.

## II.  Background

The Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> In April 2013, defendant stole a bottle of wine from a party store in Detroit. When the store owner confronted her about her theft, and asked her to return the wine, defendant pulled out a box cutter and cut the owner's finger. The owner went to the hospital and received stitches for the cut.

People v. Morris, No. 318678, 2015 WL 2144867, at *1 (Mich. Ct. App. May 7, 2015).

Following her conviction, Petitioner moved for a new trial or resentencing on the grounds she was sentenced based on inaccurate information and had ineffective assistance of counsel.  The trial court corrected the sentencing error as to her habitual status and held an evidentiary hearing under People v. Ginther, 390 Mich. 436 (1973) on trial counsel's alleged ineffectiveness, after which it denied relief.

Petitioner appealed, presenting the same claims raised on habeas review.  The Michigan Court of Appeals rejected the claims on the merits.  Id.  The Michigan Supreme Court denied leave to appeal in a standard order.  People v. Morris, 489 Mich. 921 (2015) (unpublished table decision).

## III.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or

2

involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme
Court of the United States; or
(2)     resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103.  A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. See Woods v. Etherton, 136 S. Ct. 1149, 1152 (2016).

3

IV.   Petitioner's Claims

A.   Substitute Counsel

1.

Petitioner first contends that the trial court erred in denying her request to discharge her court-appointed attorney on the morning of trial and denying trial counsel's motion to withdraw.  She further says that the trial court failed to adequately inquire about the nature of the dispute with trial counsel before deciding to proceed with jury selection and trial.

The Sixth Amendment right to the assistance of counsel includes a qualified "right to be represented by counsel of one's own choice." Linton v. Perini, 656 F.2d 207, 208 (6th Cir. 1981). "[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 151, 126 S. Ct. 2557, 2565, 165 L. Ed. 2d 409 (2006). "[T]hose who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624 (1989).

A trial court has "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar."  Gonzalez-Lopez, 548 U.S. at 152 (internal and end citations omitted). Factors to consider when reviewing a request for substitute counsel include: "the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client . . . ." Martel v. Clair, 565 U.S. 648, 132 S. Ct. 1276, 1287 (2012).

4

When evaluating the extent of the conflict between the defendant and his attorney, a court may consider whether the conflict "was so great that it resulted in a total lack of communication preventing an adequate defense." United States v. Mack, 258 F.3d 548, 556 (6th Cir. 2001).

2.

Here, the record shows that trial counsel, on the morning of trial, informed the trial court that Petitioner just informed her that she wished to discharge her. Trial counsel then moved to withdraw. The point of contention was trial counsel's failure to show Petitioner the security camera footage of the crime. The trial court denied the request to withdraw and Petitioner's request for substitute counsel. Before jury selection began, the entire videotape was played for Petitioner.

The Michigan Court of Appeals cited and relied on these facts as constituting an adequate justification for denying Petitioner's last-second request for substitute counsel, explaining:

> Here, defendant unconvincingly argues that the trial court abused its discretion when it denied defense counsel's motion to withdraw, and did not allow defendant the opportunity to explain why she wanted a new attorney. There is no indication that "defendant ha[d] a legitimate reason" to request a new attorney. Echavarria, 233 Mich. App. at 369. Defense counsel's statement that defendant's communications with her had been "erratic," and defendant's claim that she had not seen the surveillance video before the morning of the trial do not show that a "bona fide dispute" or breakdown in the attorney-client relationship occurred between defendant and defense counsel. Id. Nor does it show a "legitimate difference of opinion develop[ed] between a defendant and [defense] counsel with regard to a fundamental trial tactic," Strickland, 293 Mich. App. at 397 (internal quotation marks and citations omitted).
>
> Moreover, defendant's decision to ask for a new defense attorney on the morning of trial indicates that she was either negligent, or simply wanted "to delay trial." Id. Defense counsel indicated that she would have

5

informed the court of defendant's interest in new representation at an earlier date had defendant informed her of that interest. And, in any event, defendant has failed to demonstrate that the trial court's denial of her attorney's motion to withdraw prejudiced her in any way. Echavarria, 233 Mich. App. at 369. The trial court permitted defendant and defense counsel to watch the surveillance video together before the prosecution presented its case. And the prosecution also presented overwhelming evidence of defendant's guilt, including the surveillance video, and eyewitness testimony from the party-store owner and one of his employees.

Accordingly, the trial court did not abuse its discretion when it denied defense counsel's motion to withdraw because its decision did not "fall[] outside the range of reasonable and principled outcomes." Strickland, 293 Mich. App. at 393.

Morris, 2015 WL 2144867, at *1-2 (footnotes omitted).

The court of appeals' decision constituted a reasonable application of clearly established federal law. Petitioner's request for new counsel was untimely because it was made on the first day of trial. Petitioner offered no reason to the trial court or the Court why she did not bring her dissatisfaction with trial counsel court earlier. In addition, decisions from the Court of Appeals for the Sixth Circuit applying federal law involving requests for new counsel before trial further support the conclusion reached by the Michigan Court of Appeals. See United States v. Watson, 620 F. App'x 493, 2015 WL 5000651, at *5 (6th Cir. 2015) (district court did not err in denying motion for substitute counsel where request was untimely made nineteen days before trial); United States v. Fonville, 422 F. App'x 473, 480 (6th Cir.2011) (twenty-two day delay in request for substitute counsel held untimely). As such, Petitioner is not entitled to habeas relief on her first claim.

B.  Ineffective Assistance of Counsel

1.

6

In her second claim, Petitioner contends that she was denied the effective assistance of counsel when trial counsel failed to interview and call an eyewitness, Lakeisha Strauther, who she says would have testified favorably for the defense. Lakeisha was the niece of Kenneth Strauther, the man who accompanied Petitioner to the party store at the time of the robbery.  Petitioner also says that trial counsel was ineffective for failing to challenge the incorrect fourth-time habitual felony offender sentencing enhancement prior to trial.

Ineffective-assistance claims are reviewed under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984).  Strickland requires a defendant to show that counsel's performance was deficient and that the deficient performance prejudiced the defense such that the defendant was denied a fair trial. Id. at 687.  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.  The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Significantly, on habeas review, the question becomes "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011).

2.

Regarding the sentencing and trial counsel's alleged failure to investigate Petitioner's criminal history, any deficiency did not result in Strickland prejudice. Petitioner's habitual offender status was corrected when the error was uncovered by appellate counsel, and Petitioner was resentenced based on the correct record as a

7

third-time habitual felony offender.  Moreover, as the Michigan Court of Appeals found:

> It is unclear whether defense counsel investigated the prior convictions alleged on defendant's felony information. However, her supposed failure to do so is inconsequential, because defendant cannot show that the outcome of her trial would have been different but for her attorney's conduct. Heft, 299 Mich.App at 80–81. Again, the prosecution presented overwhelming evidence of defendant's guilt, and testimony from defendant, or an accurate felony information, would not have disproved or created doubt regarding the prosecution's case.  The trial court was therefore correct in denying relief on this ground.

Morris, 2015 WL 2144867 at *3.  Overall, Petitioner is not entitled to habeas relief on this ground.

3.

As to trial counsel's alleged failure to investigate and interview witnesses, the trial court held an evidentiary hearing on these allegations.  At the hearing, trial counsel testified that she watched the entire video with Petitioner before trial.  She also testified that Petitioner did not point out anyone in the video as a potential defense witness. Trial counsel further testified that she viewed the video multiple times in preparation for trial and that she attempted to e-mail it to Petitioner who was on bond pending trial. Trial counsel also stated she spoke with Petitioner several times on the phone before trial, but Petitioner appeared to be under the influence of controlled substances.  Trial counsel further testified that she did not recall Petitioner telling her about Lakeisha. However, if Petitioner had told her about a witness who could offer relevant, exculpatory evidence, she would have interviewed the witness.

Petitioner's appellate counsel called Lakeisha as a witness.  She testified that on the date of the offense her attention was drawn to the party store because she knew her uncle frequented it and he was prone to getting into trouble.  She further testified

8

that she saw a crowd of people outside the store, so she parked her car a few buildings away from the store. Lakeisha then testified that after her uncle exited the store, she drove closer and saw Petitioner tussling with the victims. Petitioner's back was turned towards her and there were several spectators surrounding Petitioner and the victims, making it difficult to see if Petitioner had a weapon. Lakeisha also testified that she heard one of the victims threaten to blow Petitioner's head off. She also testified that did not see anything fall from Petitioner and did not see a bottle of wine.

Based on this testimony, the trial court found that although trial counsel could have done more in preparation for trial, Petitioner failed to establish prejudice. The trial court found that Petitioner and trial counsel watched the video together before trial, and that Petitioner was a difficult client who had not provided her attorney with the names of any witnesses who were involved. The trial court also found that Lakeisha's testimony was of limited value because she was not inside the store during the incident, and she could not see what was in Petitioner's hand when she was outside of the store. The trial court therefore concluded that Petitioner was not denied the effective assistance of counsel.

The Michigan Court of Appeals agreed with the trial court's decision, explaining:

Regarding the presentation of witnesses, defense counsel explained at defendant's Ginther hearing that defendant did not provide her with any names of potential witnesses, but that she would have spoken with one purported witness, defendant's niece, had defendant mentioned the niece to her. However, defendant fails to establish that her attorney's failure to call her niece as a witness caused her prejudice. Defendant's niece did not witness anything that occurred inside the store. During the altercation, she faced defendant's back, and could not see whether defendant had a weapon in her hand, or used it to cut a victim. It is thus unlikely that the niece's testimony would have otherwise affected the outcome of the trial, and defense counsel did not provide defendant with ineffective assistance.

9

Morris, 2015 WL 2144867 at *3 (footnotes omitted).

The court of appeals' conclusion is not based on an unreasonable determination of the facts or contrary to Strickland.  Simply put, it is not reasonably probable that Petitioner would have prevailed at trial if Lakeisha testified in her defense.  Habeas relief is not warranted.

## V.  Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts.  Accordingly, the petition is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1]  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2017
          Detroit, Michigan

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.